But The Court
were of opinion that the action was maintainable in its present form against all the defendants; and that independent of the statute cited. Esp. 612.(a) At common law, if the sheriff voluntarily permits a prisoner to escape, and is in consequence obliged to pay the debt, he may maintain an action for money paid, laid out, and expended, against the defendant; for he is discharged as against the plaintiff in the action. Here it is held that the debtor is liable. Why ? Because he is discharged as against his creditor. Why does this action lie against all the defendants ? ■ Because they are all, by the payment made by Clarke, discharged as against Hart, the creditor. The debt was not paid by Little's escape. But Clarke thereby became liable by law to pay the debt to Hart. *102 This was a payment without request by any person; but clearly it was a payment for the benefit of all the defendants, because all were, till payment, liable to Hart. The situation in which plaintiff stood as it respects Little is equivalent to a request of Little to pay. If one of sever.al debtors, jointly liable, request another to pay, it is a request by all; because it inures to the benefit of all. Johnson and Webber suffer no inconvenience by this doctrine. With respect to them, it operates only as a change of creditor. It has been holden that, where, there are several debtors, and the bar of the statute of limitations has attached, a promise or acknowledgment of the debt by one of the debtors revives the debt, and makes them all liable.[1] That is stronger than the present case.
But the case of Exall v. Partridge and two others, 8 T. R. 308, (a) is decisive of the present question. The case was this: The defendants were lessees, by deed from one Welch, of certain premises, and bound by their covenants to pay the rent. Two of the defendants afterwards, with the plaintiff’s knowledge, assigned their interest to P., their co-lessee; subsequent to which assignment the plaintiff put his carriage upon the premises, under the care of Partridge, where it was taken as a distress for rent by the landlord, Welch. In order to redeem it, the plaintiff was obliged to pay the rent due, taking a receipt from the landlord’s attorney as for so much paid for the three defendants. The action was for money paid, laid out, and expended for the use of the defendants, to recover that sum. The Court held that all the defendants were liable, because they were originally liable to the landlord for the rent. All. were bound by law to pay. The plaintiff paid the rent which all were bound to pay. The debt of all was satisfied, released by this payment. It was not a voluntary, but a compulsory payment. The law implies a promise by the three defendants to pay.
This case runs on all-fours with the case before the court. *103 All tbe defendants were liable to Hart till plaintiff paid the debt. Clarke has been compelled to pay the debt of all; all are discharged from Hart. There it was the duty of Partridge to pay the rent to Welch. The cases would compare, if in this case it were the proper debt of Little, and Clarke knew that such was the case ; but it is conceived that the debt due Hart was the proper debt of all the defendants, in equity as well as law. The act of Little here occasions this demand in this form; i. e., Little’s escape gives occasion to a suit in the name of Clarke instead of Hart. There the negligence of Partridge occasioned the suit against his co-lessees who were not ultimately liable ; they having their remedy against Partridge.
Judgment for plaintiff (as it is supposed, by default) [1]

 See, contra, semble, Peake, N. P. 144, n. a.

 See this case, Hammond on Parties, 56.

 Contra, Exeter Bank v. Sullivan, 1833, 6 N. H. 121.

 “ The acceptance of the discharge of the original debt by the defendant in execution may be considered as a ratification of the sheriff’s act, and as equivalent to a prior request.” Rodman, J., in Heileg v. Lemley, 1876, 74 N. C. 250, 254. In the suit brought by Clarke, in the' name of Ilart, upon the original judgment, all three defendants set up the sheriff’s payment as a discharge of their original debt.
In Freeman on Executions, § 461, the sheriff’s right to maintain an action, for money paid, against a defendant, is said to be confined to cases where the sheriff did not assent to the escape.
As to whether the sheriff could have enforced the original judgment, by alias execution or otherwise, for his own benefit, see cases collected in Heileg v. Lemley, ubi sup.; also Cheever v. Mirrick, 1821, 2 N. H. 376; Freeman on Judgments, § 469.